**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

In re:  Ernestine Ava Combs                                        Case No.  18-74474-SCS
                                                                                     **Chapter 13**
    **Debtor(s)**

**NOTICE OF MOTION FOR REDUCTION OF FEES**

Michael P. Cotter, Chapter 13 Standing Trustee, has filed a Motion for Reduction of Fees with the Court.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant the relief sought in this motion, or if you want the court to consider your views on the motion, then you and/or your attorney must attend a hearing to be scheduled at a later date.  You will receive a separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

```
Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000
```

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>NORFOLK DIVISION</u>**

| | |
|---|---|
| **In re:  Ernestine Ava Combs** | **Case No.  18-74474-SCS** |
| | **Chapter 13** |
| **Debtor(s)** | |

**<u>MOTION FOR REDUCTION OF FEES</u>**

NOW COMES Michael P. Cotter, the Chapter 13 Trustee, and hereby requests that this Court order that counsel for the Debtor reduce her fees in this case.  In support hereof, the Trustee alleges as follows:

1. On December 20, 2018, Ernestine Combs ("Debtor") filed her petition pursuant to chapter 13 of the Bankruptcy Code.

2. On May 13, 2019, this Court confirmed the Debtor's Modified Chapter 13 Plan.

3. On or about July 24, 2019, the Trustee received funds in the amount of $2,790, representing the return of a security deposit previously posted by the Debtor.  The check had been made payable to the Debtor.

4. Via e-mail dated July 29, 2019, the Trustee advised Jessica Casey, counsel for the Debtor ("Debtor's Counsel" or "Counsel") that the funds had been received.  The Trustee noted that the Schedules did not provide any claimed exemption for such funds and advised that it appeared that the funds should be treated as additional Plan funding.  The Trustee requested that Debtor's Counsel provide the Trustee with her view.

5. Via response e-mail of the same date, Debtor's Counsel advised that she did not know whether the Debtor had available any portion of the section 34-4 exemption and stated that she would provide an additional response within 48 hours.

Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000

6. Hearing no further response, the Trustee, on August 2, 2019, sent Debtor's Counsel an e-mail advising that he intended to submit an Amended Order Confirming Plan (the "Amended Order") to state that the above-referenced funds would be treated as additional Plan funding.

7. Debtor's Counsel responded to the foregoing e-mail and requested that she have until the end of the following week to respond to the matter. The Trustee agreed to such request.

8. Hearing nothing further, the Trustee, on August 9, 2019, sent Debtor's Counsel an e-mail which attached the proposed Amended Order (treating the above funds as additional Plan funding) and advised that he was then forwarding the Order to the Court for entry.

9. In her response, Counsel advised that she had not heard from the Debtor and acknowledged that the Trustee was sending an Amended Order to the Court for entry.

10. Accordingly, on August 9, 2019, the Trustee submitted the Amended Order to the Court.

11. A week later (namely, August 16, 2019), Debtor's Counsel sent the Trustee an e-mail inquiring as to whether the Amended Order Confirming Plan had been sent to the Court. The Trustee advised that the Amended Order had in fact been submitted to the Court.

12. Nonetheless, on Tuesday, August 20, Debtor's Counsel sent the Trustee an e-mail advising that she had just filed certain amendments to the Schedules purportedly exempting the above-referenced funds.

13. The August 20 e-mail from Debtor's Counsel advised that Counsel had been holding the check "to see what came of the Amendments and your Amended Order…." Notably, the e-mail further advised that Counsel intended to turn the check over to the Debtor that same day presumably so that the Debtor could cash the check and make immediate use of the funds.

3

Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000

14. The Trustee immediately responded and, via e-mail, advised Debtor's Counsel that she was not authorized to provide the funds to the Debtor and that the funds were to be treated as additional Plan funding.

15. Counsel has stated that she was unable to respond to the Trustee timely because she was unable to contact the Debtor due to using an incorrect telephone number. Upon reliable information and belief, Counsel had previously been provided the Debtor's correct telephone number and on several occasions.

16. The Amended Schedules filed by Counsel are replete with errors and misstatements.

17. When filing the Amended Schedules, Counsel neglected to ascertain that the Debtor had previously filed bankruptcy and had already claimed a significant portion of her 34-4 exemptions. Accordingly, Counsel filed Amended Schedules claiming exemptions to which the Debtor is plainly not entitled.

18. Further, the Amended Schedules assert that the Debtor is entitled to a total of $6,000 in section 34-4 exemptions because "the debtor has two dependents that rely upon her for support." See para. 4 of Answer to Objection to Exemptions.

19. Nowhere in the Debtor's Schedules (expressly including the Amended Schedules) is there any reference to a second dependent. Upon information and belief, it appears that the second "dependent" refers to the Debtor's son who serves in the United States Coast Guard. Counsel states that "the debtor and counsel are of the opinion that the debtor is entitled to a total of $6,000 in said exemption given she has two children that at (sic) least partially dependent on her for support." See para. 15 of Motion to Amend Confirmation Order.

20. Furthermore, even assuming *arguendo* that the Debtor is entitled to a total of $6,000 in exemptions, Counsel has miscalculated the amount that the Debtor may properly claim. Counsel asserts that the Debtor may claim $1,839 but in no event could Debtor claim more than $1,451. Assuming Debtor has only one eligible dependent, Debtor may claim no more than $951.00.

4

Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000

21. The undersigned Trustee respectfully submits, by way of summary, that Counsel:

1) Subsequent to her inadequate attempts to contact Debtor, filed the Amended Schedules with full knowledge that the Amended Order had already been submitted to the Court for entry;

2) Failed to ascertain that the Debtor had filed a previous bankruptcy and was not entitled to the exemptions claimed in the Amended Schedules;

3) Inconsistent with the Debtor's Schedules, improperly asserted that the Debtor has two dependents; and

4) Miscalculated the exemptions to which the Debtor might be entitled.

WHEREFORE, the undersigned Trustee requests an Order from this Honorable Court directing that the fees of the Debtor's counsel be reduced by an amount not less than $750 and requests all such further relief as is appropriate in the circumstances.

/s/ Michael P. Cotter,
Michael P. Cotter
Chapter 13 Standing Trustee

Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000

# CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of October 2019, a true copy of the foregoing Notice and Motion was mailed to the Office of the U. S. Trustee; Jessica Casey, Esq. 753 Thimble Shoals Blvd, Ste. 2B, Newport News VA 23606; the Debtors, Ernestine Combs, 1524 Shaven Dr., Ste. F Salsbury MD 21804

                                        /s/ Michael P. Cotter,
                                        Michael P. Cotter
                                        Chapter 13 Standing Trustee

```
Michael P. Cotter
VSB #19526
Chapter 13 Standing Trustee
870 Greenbrier Circle, Ste. 402
Chesapeake, VA 23320
(757) 961-3000
```